Filed:  December 28, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

In re complaint as to the conduct of

ROGER LEE CLARK,

Accused.

(OSB 09-107; SC S059841)

On review of the supplemental judgment of the Disciplinary Board State Chairperson.

Submitted on the briefs and record November 7, 2012.

Roger Lee Clark, Eugene, *pro se*, filed the brief.

Stacy J. Hankin, Assistant Disciplinary Counsel, Tigard, filed the brief for the Oregon State Bar.

Before Balmer, Chief Justice, and Kistler, Walters, Linder, and Landau, Justices.*

PER CURIAM

The supplemental judgment of the Disciplinary Board State Chairperson is affirmed.


*De Muniz and Durham, JJ., did not participate in the consideration or decision of this case.

PER CURIAM

In this lawyer disciplinary proceeding, the accused, Roger L. Clark, seeks review of a judgment awarding costs and disbursements to the Oregon State Bar (Bar). He does not contest the trial panel's decision on the merits of the charges that the Bar brought against him nor the sanction that the trial panel imposed.

The Bar charged the accused with three violations of the Rules of Professional Conduct (RPC) and the Disciplinary Rules (DR) of the Code of Professional Responsibility;[1] all three violations involved the accused's representation of the same criminal client. Specifically, the Bar alleged that the accused had: (1) failed to keep and render an appropriate account of client funds, *former* DR 9-101(C)(3); (2) engaged in a conflict of interest by simultaneously representing two criminal clients on charges arising from the same criminal episode, RPC 1.7; and (3) used information relating to a former client to that client's disadvantage, RPC 1.9(c)(1). On the day of the trial panel's hearing on those charges, but after the hearing had concluded and the record was closed, the accused served a handwritten letter on disciplinary counsel offering to settle the matter. In that letter, the accused offered to admit the first charge and plead no contest to the remaining two charges, in exchange for a maximum sanction of public reprimand. The Bar subsequently rejected that settlement proposal.

---

[1] The Rules of Professional Conduct (RPC) went into effect January 1, 2005. Because the alleged violations occurred both before and after that date, the Disciplinary Rules apply to the accused's earlier violations and the RPCs apply to his later conduct.

Several months later, the trial panel issued a written opinion in which it found that the Bar had proved the first two charges noted above, but had failed to prove the third. Although the Bar apparently sought a minimum 30-day suspension as a result of the charged violations, the trial panel limited its sanction to a public reprimand.

Neither the accused nor the Bar sought review of the trial panel's decision. As a result, 61 days after the Disciplinary Board clerk notified the parties that the board had received the trial panel's opinion, the decision in *In re Clark* became final. *See* Bar Rule of Procedure (BR) 10.1 (stating rule). Shortly thereafter, on September 7, 2011, the Bar filed a statement of costs and disbursements with the board and served it on the accused. On September 21, 2011, the accused submitted written objections to that cost statement, sending them to the board by first-class mail. According to the date-stamp placed on the document by the Disciplinary Board clerk, those objections were received by the board on September 23, 2011. Among other objections, the accused argued that, because he had offered to settle the charges and accept a public reprimand as a sanction -- and because the trial panel had not imposed a greater sanction -- BR 10.7(c) precluded the Bar from recovering its costs. The accused acknowledged that BR 10.7(c) provides that it applies to only offers of settlement made more than 14 days prior to a hearing and that he had not met that requirement. He asserted, however, that the filing deadline should not be applied in his case because there was no prejudice to the Bar's ability to receive a fair hearing and because his offer had been made more than two months before the trial panel had issued its decision.

The board's state chairperson subsequently issued a supplemental cost

2

judgment in the Bar's favor for $1,289.50.  *See* BR 2.4(e)(7) (in decisions that become final under BR 10.1, board's state chairperson "shall review statements of costs and disbursements and objections thereto and shall fix the amount of actual and necessary costs" to be recovered by the prevailing party).  In rejecting the accused's objections to the statement of costs and disbursements, the supplemental judgment recited that "the Accused has filed no objection thereto within the time permitted by [Oregon Rule of Appellate Procedure (ORAP)] 13.05(5)(c)[.]"  That rule requires that objections to a statement of costs and disbursements be filed within 14 days after the date of service of the statement.  The judgment did not address the accused's argument that his settlement offer precluded the Bar from recovering its costs.

In seeking this court's review of the supplemental judgment for costs and disbursements, the accused first argues that the board's state chairperson erred in rejecting his objections to the Bar's statement of costs and disbursements on the ground that the objections were not timely filed.  He then sets out two questions that go directly to the merits of the cost award in this case:  (1) Did the Bar waive any timeliness objection to the accused's settlement offer, *see* BR 10.7(c) (requiring settlement offer to be made at least 14 days before trial panel hearing), by accepting his tender of the settlement offer at the hearing; and (2) did the board's state chairperson err in awarding costs and disbursements to the Bar when the sanction imposed on the accused was no greater that the sanction that the accused had offered to accept?  Because we reject the accused's objections to the award of costs and disbursements on the merits, we do not address his assertion that the board's state chairperson erred in declining to consider his objections on

3

the ground that they were untimely under ORAP 13.05(5)(c).[2]

As to the accused's first question, we note that the accused failed to present this court with any argument supporting the proposition that physical acceptance of the accused's written settlement offer constituted a waiver of any objection regarding its timeliness.  Under such circumstances, this court can and will circumscribe the extent of its review.  *See In re Hartfield*, 349 Or 108, 111, 239 P3d 992 (2010) (court is free to circumscribe extent of its review due to absence of briefing or argumentation on an issue); *see also In re Paulson*, 346 Or 676, 679 n 3, 216 P3d 859 (2009) *adh'd to as*

---

[2]    In Bar-related matters, BR 10.7(d) sets out the provisions for filing cost bills and objections thereto.  The rule is not a model of clarity.  It provides:

"The procedure set forth in the Rules of Appellate Procedure of the Supreme Court regarding the filing of cost bills and objections thereto shall be followed except that in matters involving final decisions of the Disciplinary Board cost bills and objections thereto shall be resolved by the state chairperson of the Disciplinary Board.  The cost bill and objections thereto shall be filed with the Disciplinary Board Clerk with proof of service on the state chairperson of the Disciplinary Board and the other party and shall not be due until 21 days after the date a trial panel's decision is deemed final under BR 10.1.  The procedure for entry of judgments for costs and disbursements as judgment liens shall be as provided in ORS 9.536."

The first part of the first sentence of BR 10.7(d) appears to invoke the procedures set out at ORAP 13.05(5), under which the prevailing party has 21 days following the date of a decision to file a statement of costs and disbursements and the opposing party has 14 days after the statement has been served to file a response.  However, that sentence also contains an "exception" that appears to set out an alternative procedure for Disciplinary Board decisions that become final without review by this court.  Under those procedures, it appears that both the cost bill and any objections are simultaneously due 21 days after the trial panel's decision becomes final.  Because we reject the accused's objections on the merits, however, we need not resolve the apparent inconsistency in the filing deadlines applicable under BR 10.7(d).

4

*modified*, 347 Or 529, 225 P3d 41 (2010) ("[O]rdinarily we will consider the issues for our review to be those framed by the parties' briefs and arguments.").  Given the lack of any argument supporting the accused's assertion that the Bar waived any timeliness objection to his settlement offer, we decline to consider it further.

The accused has, however, presented the court with supporting arguments concerning the second question set out above.  According to the accused, under BR 10.7(c), no costs can be awarded to the Bar because the trial panel failed to impose a greater sanction than the one the accused previously had offered to accept.  BR 10.7(c) provides:

> "An accused may, at any time up to 14 days prior to hearing, serve upon Bar Counsel and Disciplinary Counsel an offer by the accused to enter into a stipulation for discipline or no contest plea under BR 3.6.  In the event the written offer by an accused to enter into a stipulation for discipline or no contest plea is rejected by the SPRB, and the matter proceeds to hearing and results in a final decision of the Disciplinary Board or of the court imposing a sanction no greater than that to which the accused was willing to plea no contest or stipulate based on the charges the accused was willing to concede or admit, the Bar shall not recover and the accused shall recover actual and necessary costs and disbursements incurred after the date the accused's offer was rejected by the SPRB."

As noted, the accused acknowledges that, by offering to settle *after* the hearing had concluded, rather than 14 days *before* the hearing, his settlement offer did not meet the filing deadline set out in BR 10.7(c).  The accused nevertheless contends that, under BR 11.1, his failure to comply with the rule should be excused.  BR 11.1 provides:

> "The failure of any person or body to meet any time limitation or requirement in these rules shall not be grounds for the dismissal of any charge or objection unless a showing is made that the delay substantially prejudiced the ability of the accused or applicant to receive a fair hearing."

5

The accused's argument that BR 11.1 operates to excuse the lateness of his settlement offer is incorrect. By its terms, BR 11.1 applies only where a lack of timeliness could be grounds for dismissing a "charge or objection." The accused's settlement offer, however, was neither a "charge" alleged by the Bar nor an "objection" asserted by the accused. Given the admitted lateness of the accused's offer, the Bar was entitled to reject that offer without incurring the consequences anticipated by BR 10.7(c). Moreover, the accused's position, if accepted, would undermine the obvious purpose of BR 10.7(c), which is to encourage the parties to resolve disciplinary matters before a hearing is held by denying costs to the Bar if it rejects an accused's prehearing offer and then fails to obtain a greater sanction at the hearing.

The trial panel found that there was clear and convincing evidence to support two of the three disciplinary charges facing the accused. The Bar thus was the prevailing party, *see* BR 10.7(b) (in disciplinary matters, an accused prevails when disciplinary charges are dismissed in their entirety; the Bar is the prevailing party in all other cases) and was entitled to recover its reasonable costs and disbursements. The board's state chairperson entered a supplemental judgment awarding those costs. Having reviewed the accused's objections to the statement of costs and disbursements, we conclude that they are not well-taken. The board's state chairperson properly awarded the Bar its costs and disbursements in the amount of $1,289.50.

The supplemental judgment of the Disciplinary Board State Chairperson is affirmed.

6