On the court's own motion for recall of appellate judgment and reconsideration,* appellate judgment recalled and former opinion reconsidered; former opinion modified and adhered to as modified; appellate judgment to issue forthwith January 22, reconsideration denied April 8, 2010

In re Complaint as to the Conduct of

## LAUREN J. PAULSON,
*Accused.*

(OSB 05-187, 06-05, 07-19, 07-20, 07-21, 07-22; SC S055610)

225 P3d 41

PER CURIAM

---

* 346 Or 676, 216 P3d 859 (2009).

## PER CURIAM

On the court's own motion, the court recalls the appellate judgment and allows reconsideration in this case to modify a portion of our prior opinion, *In re Paulson*, 346 Or 676, 216 P3d 859 (2009). In that opinion, we concluded, as had the trial panel, that the accused had violated DR 2-106(a) by charging an excessive fee in connection with the Brady-Aiello small estate matter. After describing the pertinent facts and quoting relevant portions of the trial panel opinion, we explained:

> "DR 2-106(A) prohibits a lawyer from charging an illegal or clearly excessive fee. The Bar alleged and the trial panel found that the accused, by comingling his billings as personal representative with those for his work as trustee in connection with the Brady-Aiello estate matter, double-charged for certain services and collected $14,000 without the statutorily required permission of the court. *See* ORS 116.173(1) (setting out fees to which a personal representative, '[u]pon application to the court[,]' may seek for services). On review, the accused does not address the trial panel's findings or conclusions with regard to the violations of DR 2-106(A). Having reviewed the record as it pertains to that cause of complaint, together with the findings and conclusions of the trial panel, we conclude that the Bar has proved that the accused violated DR 2-106(A) in this matter. *See In re Knappenberger*, 344 Or 559, 564, 186 P3d 282 (2008) (accused violated rule when he charged a fee that, by law, required authorization by Social Security Administration without obtaining that authorization)."

*Id.* at 686-87 (brackets in original).

We modify the above statement by removing the citation to *In re Knappenberger*, which involved an illegal fee, rather than an excessive fee. We also remove the citation to ORS 116.173(1), a statute that the accused had cited in claiming entitlement to certain of his fees. The trial panel found that the accused, in collecting the $14,000 in fees, did so "without court approval," which we understood to be a reference to the statutory procedure set out in ORS 116.173(1). That statute, however, may have no application to small estate matters and, in all events, was unnecessary to our conclusion. The Bar's only theory for that particular violation

was that the fees charged and collected by the accused were excessive, because he charged attorney fees for work that he performed in his capacity as a personal representative and comingled his billings in such a way as to bill multiple times for the same work. As we concluded in our former opinion, consistent with the trial panel's findings, the accused handled his billings as the Bar had alleged. As a result, the circuit court had removed him as personal representative and ordered him to repay the fees he had collected. *Paulson*, 346 Or at 681-82. We therefore modify our former opinion by removing the citations as noted above and by clarifying that we concluded that the accused charged an excessive fee, not an illegal fee.

Our reconsideration in this matter has no effect on the date of the accused's disbarment.

The appellate judgment is recalled and our former opinion is reconsidered. The former opinion is modified and adhered to as modified. Appellate judgment to issue forthwith.