Submitted on record and under advisement August 6, accused
publicly reprimanded September 23, 2010

## In re Complaint as to the Conduct of

## SEAN L. HARTFIELD,
*Accused.*

## (OSB No. 08-42; SC S058271)

239 P3d 992

Linn D. Davis, Assistant Disciplinary Counsel, Tigard, filed the brief for the Oregon State Bar.

No appearance *contra*.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar charged Sean L. Hartfield (the accused) with violating three provisions of the Oregon Rules of Professional Conduct (RPC). A trial panel of the Disciplinary Board concluded that the accused had violated RPC 8.4(a)(4), which makes it professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice," dismissed the other two charges, and publicly reprimanded the accused.[1] The accused timely requested review but failed to file an opening brief with this court. The Bar petitioned for review and filed a brief, but waived oral argument. We have considered this matter on the record before the trial panel and on the Bar's brief filed with this court. ORAP 11.25(3)(a). On *de novo* review, ORS 9.536(2); Bar Rule of Procedure (BR) 10.6, we conclude that the accused violated RPC 8.4(a)(4). We publicly reprimand the accused.

■      Before turning to our discussion of the issues on review, we draw attention to certain aspects of this case that bear on this court's procedure on review in this and similar cases. As noted, the accused timely requested that this court review the decision of the trial panel pursuant to ORS 9.536(1). That statute provides, in part:

> "The Oregon State Bar or the accused may seek review of the [disciplinary board's] decision by the Supreme Court. Such review shall be a matter of right upon the request of either party."

The accused, however, filed no opening brief, as required by ORAP 11.25(2)(a) and BR 10.5(c), and thus provided the court with no argument or explanation concerning any objection to or dissatisfaction with the trial panel's decision. Had the briefing remained in that posture, the court would have considered the matter *de novo*, as required by ORS 9.536(2), which provides:

> "When a matter is before the Supreme Court for review, the court shall consider the matter de novo and may adopt,

---

[1] Because the Bar does not seek review of the dismissal of the other two charges, we do not discuss them in this opinion.

> modify or reject the decision of the disciplinary board in whole or in part and thereupon enter an appropriate order."

However, the court would have been free to circumscribe the extent of its review due to the absence of briefing or argumentation challenging the order on review. As this court observed in a similar case involving unfocused claims of trial panel error, "[a]lthough our standard of review remains *de novo* (ORS 9.536(2)), ordinarily we will consider the issues for our review to be those framed by the parties' briefs and arguments." *In re Paulson*, 346 Or 676, 679 n 3, 216 P3d 859 (2009), *adh'd to as modified on recons*, 347 Or 529, 225 P3d 41 (2010).

The Bar also exercised its right under ORS 9.536(1) to request review of the trial panel decision by this court. The Bar may have believed that it was compelled to do so by BR 10.5(b), which requires the accused to file the petition if the trial panel order finds the accused guilty of misconduct, and also provides that "otherwise, the Bar shall file the petition." As already noted, although the trial panel order made a finding of misconduct against the accused, it also dismissed two of the Bar's charges of misconduct. The dismissal of those two charges may have led the Bar to conclude that it was obligated by BR 10.5(b) to file the petition. The Bar's brief, however, raised no challenge to the dismissal of the other two charges. Instead, the Bar argued that this court on review should affirm the trial panel's finding of misconduct and sanction in all respects.

■     The Bar may request review by this court of a trial panel decision even if, as here, the Bar is satisfied with the trial panel's decision in all respects. However, this court's rules permit the Bar to obtain that result by following a more efficient procedural path than petitioning for review and submitting full briefing on the case. We take this opportunity to draw attention to those rules to promote greater efficiency in the administration of similar disciplinary cases in the future.

ORAP 11.25(3), like BR 10.5(b), discusses the Bar's procedures for petitioning for review by this court when the accused fails to file a petition and brief in Bar discipline cases. However, ORAP 11.25(3) applies "notwithstanding BR 10.5(b)"; that is, this court's rule provides an alternative to

the full briefing route that appears in BR 10.5. ORAP 11.25(3) provides:

"If, notwithstanding BR 10.5(b), an accused who is required to file a petition and brief fails to do so within the time allowed under BR 10.5(a), the Bar shall:

"(a)  File a petition and brief within the time allowed for filing an answering brief. The brief shall comply with the rules governing petitions and opening briefs. At the time the petition and brief are filed, the Bar shall indicate whether it wishes to waive oral argument and submit the case on the record, *or*

"(b)  *Submit a letter stating that it wishes the matter submitted to the court on the record without briefing or oral argument.* Notwithstanding waiver of briefing and oral argument under this paragraph, at the direction of the Supreme Court, the Bar shall file a petition and brief within the time directed by the court."

(Emphases added.)

ORAP 11.25(3) entitles the Bar, in cases like the present one, to elect to submit a letter requesting submission of the case to the court without briefing or oral argument. If the accused has filed no petition or brief challenging some aspect of the trial panel's order, and the Bar has elected the submission procedure set out in ORAP 11.25(3)(b), this court, following the review principle set out in *Paulson*, generally will determine that the parties have raised no argument challenging the trial panel order and conclude that the order should be affirmed. As noted, the Bar is entitled to employ the alternative procedure set out in ORAP 11.25(3)(b) *notwithstanding any provision in BR 10.5(b)*. Having clarified the procedures that govern review by this court in this and similar cases, we turn to a discussion of the issues in this case.

From 2002 until the latter part of 2008, the accused was in private practice at a law office in Northeast Portland. The accused first represented Myrtle Nickerson in 2003 when he handled the probate of her sister's estate. The next year, the accused began to advise Ms. Nickerson about matters relating to the declining mental capacity of her husband, Nathan Nickerson. In March 2005, after Ms. Nickerson's husband had been admitted into an Alzheimer's care facility,

Ms. Nickerson, the couple's financial planner, and the accused discussed setting up a conservatorship so that Ms. Nickerson could authorize required minimum distributions from her husband's retirement accounts. Federal law required Ms. Nickerson's husband to make the distributions annually in order to avoid federal tax penalties. The accused agreed to handle the conservatorship *pro bono*.

On March 31, 2006, the accused filed a petition in Multnomah County Circuit Court for the appointment of Ms. Nickerson as conservator for her husband.[2] On June 2, the court entered a limited judgment appointing Ms. Nickerson temporary conservator for her husband for the sole and limited purpose of distributing and transferring his retirement accounts. The accused later filed an amended petition for conservatorship; in an attached affidavit, he averred that the conservatorship should not terminate because of the need to make the required minimum distributions annually. Based on that information, the court issued an amended limited judgment on October 2, 2006, that did not place scope or duration restraints on the conservatorship.

Under ORS 125.470(1), a conservator must file an inventory of the protected person's assets within 90 days after of the date of the appointment as conservator. When the accused failed to file an inventory on Ms. Nickerson's behalf, the court issued a show cause order requiring the accused to appear on March 7, 2007. The accused failed to appear on that date. The trial court called the accused and told him to appear the next day. The accused appeared and explained that Ms. Nickerson's husband had recently passed away. The trial court continued the show cause order to April 3, and ordered the accused to file an inventory and a final accounting. *See* ORS 125.475(1)(a) (conservator shall file an

---

[2] Initially, the accused failed to provide an affidavit of personal service on Ms. Nickerson's husband and failed to serve him via a disinterested third party. *See* ORS 125.065(1) (providing that notice of the filing of the conservatorship petition must be personally served on the protected person); ORCP 7 E (requiring service by a disinterested third party). The court issued two notices of deficiency and the accused timely corrected his errors. We determine that those errors do not tend to prove that the accused violated RPC 8.4(a)(4). *Cf. In re Paulson*, 341 Or 13, 27, 136 P3d 1087 (2006) ("[N]ot every negligent or unprofessional act * * * gives rise to an ethical violation[.]").

accounting of the administration of the conservatorship estate within 60 days after the death of the protected person).

The accused subsequently called the trial court to request a set-over of the show cause hearing to April 30, 2007. The trial court granted the request, but orally directed the accused to file a letter with the court acknowledging the set-over. The accused failed to file the letter as directed and also failed to appear on April 30. As a result, the trial court issued an order requiring the accused to appear on May 8 and show cause why he should not be held in contempt. The court mailed the order to the accused's office. After the accused failed to appear on May 8, the trial court removed the accused from the matter, removed Ms. Nickerson as conservator, and appointed another attorney as successor conservator. That attorney filed an inventory and final accounting less than 60 days after his appointment as conservator. He also requested $2,530 in attorney fees for his administration of the conservatorship.

The trial court judge wrote a letter to the Bar outlining her concerns about the accused's handling of the Nickerson conservatorship matter. Subsequently, the Bar filed a formal complaint against the accused. At the disciplinary hearing, the accused acknowledged that he had failed to appear in court as directed on March 7 and April 30, 2007. He testified that he did not remember the court's direction to file a letter acknowledging the set-over date, and that he had not received the contempt order.[3] The accused testified that he knew that he was supposed to file the inventory and the final accounting, but that he did not do so because he had concerns about the accuracy of the financial information that Ms. Nickerson and her financial advisor had provided to him. The accused explained that he "didn't want any questions from the court" that might have required him to explain why he had not filed the inventory and accounting.

The trial panel concluded that the accused had "engage[d] in conduct that is prejudicial to the administration of justice," in violation of RPC 8.4(a)(4) because his

---

[3] We need not resolve the factual disputes inherent in the accused's version of the facts to decide this case.

failure to comply with the court's orders delayed the court's ability to resolve the Nickerson conservatorship. For the reasons that follow, we agree that the Bar has proved, by clear and convincing evidence, that the accused violated RPC 8.4(a)(4).[4]

■■    To establish a violation of RPC 8.4(a), the Bar must prove that

> "(1) the lawyer engaged in 'conduct,' that is, the lawyer did something that he or she should not have done or failed to do something that the lawyer should have done; (2) the conduct occurred during the 'administration of justice,' that is, during the course of a judicial proceeding or another proceeding that was analogous to a judicial proceeding; and (3) the lawyer's conduct resulted in 'prejudice,' either to the functioning of the proceeding or to a party's substantive interests in the proceeding."

*In re Skagen*, 342 Or 183, 213, 149 P3d 1171 (2006) (citations omitted) (standard under identically worded *former* DR 1-102(A)(4)); *Paulson*, 346 Or at 683, 683 n 5 (adopting that standard for RPC 8.4(a)(4)). A lawyer's conduct is prejudicial if "the lawyer engaged either in repeated acts causing some harm to the administration of justice or a single act that caused substantial harm to the administration of justice." *Skagen*, 342 Or at 214 (citations omitted).

In *In re Gresham*, 318 Or 162, 864 P2d 360 (1993), the court detailed how a lawyer's inaction can prejudice the functioning of a judicial proceeding. In that case, after filing a petition to probate a will, the lawyer failed to timely close the estate and did not respond to multiple inquiries from the trial court. The court in *Gresham* explained that, by delaying the transfer of assets to his client and placing an "unnecessary burden on the judicial system," the lawyer's inaction prejudiced the administration of justice. *Id.* at 168; *see also In re Jackson*, 347 Or 426, 437, 223 P3d 387 (2009) (lawyer violated RPC 8.4(a)(4) when his unpreparedness at a settlement conference and repeated failure to respond to the arbitrator

---

[4] Although the accused began representing Ms. Nickerson in 2003, the conduct at issue on review occurred after January 1, 2005, the effective date of the Oregon Rules of Professional Conduct; therefore, those rules apply here.

"unnecessarily expend[ed] the time of the arbitrator and his staff").

■    With those standards in mind, we turn to the accused's conduct in the Nickerson conservatorship. By failing repeatedly to appear in court for scheduled hearings, and by failing to file an inventory or an accounting, the accused unreasonably prolonged the conservatorship proceeding. As in *Gresham*, the accused's inaction created an unnecessary burden on court resources. At the trial panel hearing, the trial court judge testified that the accused's failure to advance the conservatorship proceedings affected the court's procedural efficiency and impaired the court's ability to supervise the conservatorship and protect Mr. Nickerson. In addition, the accused's inaction harmed the substantive interests of his client and her husband. Because of the accused's continued failure to file an inventory and final accounting, the court removed Ms. Nickerson as conservator and the accused as attorney. As a result, the conservatorship estate incurred unexpected attorney fees. We conclude that the accused's cumulative inaction during the course of the conservatorship proceeding prejudiced the administration of justice.

■    Having concluded that the accused violated RPC 8.4(a)(4), we must determine the appropriate sanction. The trial panel issued a public reprimand and the Bar does not argue that any greater sanction is warranted. Because we find that the accused has violated a disciplinary rule, a public reprimand is the minimum sanction that we can impose. *In re Newell*, 348 Or 396, 413, 234 P3d 967 (2010) (explaining that, under BR 6.1(a), a public reprimand is the minimum sanction that a court can impose on a lawyer who has violated a disciplinary rule). We conclude that a public reprimand is consistent with the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991) (amended 1992) and Oregon case law.[5]

The accused is publicly reprimanded.

[5] In light of this case's procedural posture, an in-depth analysis of our basis for imposing a public reprimand would not benefit the bench, the bar, or the public.