Submitted on the record and under advisement on October 27, accused suspended from practice of law for 120 days, commencing 60 days from the filing of this decision December 9, 2010

In re Complaint as to the Conduct of

# LYNN M. MURPHY,

*Accused.*

(OSB Nos. 08-77, 08-78, 09-63; SC S058743)

245 P3d 100

No appearance by either party.

PER CURIAM

**PER CURIAM**

In this lawyer disciplinary proceeding, the Oregon State Bar charged Lynn M. Murphy (the accused) with seven violations of the Oregon Rules of Professional Conduct (RPC) arising out of three separate matters. In the Perry matter, the Bar alleged violations of RPC 1.3 (neglect of a legal matter), RPC 1.4(a) (failure to communicate with client), and RPC 8.1(a)(2) (failure to respond to Bar's investigation). In the Newman matter, the Bar alleged only a violation of RPC 8.1(a)(2). In the Hubler matter, the Bar alleged violations of RPC 1.16(c) (failure to notify court of withdrawal from representation), RPC 1.16(d) (failure to safeguard client's interests after withdrawal), and RPC 8.1(a)(2). Following a hearing, the trial panel found by clear and convincing evidence that the accused had violated RPC 1.3 and RPC 1.4(a) in the Perry matter and RPC 8.1(a)(2) in each of the three matters. The trial panel imposed a suspension of 120 days.

The accused timely requested review by this court. However, she did not file an opening brief, as required by ORAP 11.25(2)(a) and Bar Rule of Procedure 10.5(c). The Bar later submitted a letter requesting that the matter be submitted without briefing or oral argument. *See* ORAP 11.25(3)(b) (if accused lawyer fails to file a brief, the Bar may "[s]ubmit a letter stating that it wishes the matter submitted to the court on the record without briefing or oral argument").

In *In re Hartfield*, 349 Or 108, 239 P3d 992 (2010), this court recently summarized its approach to lawyer disciplinary proceedings in which the accused has failed to file an opening brief. We noted that, in such cases, we consider the matter *de novo*, as required by ORS 9.536(2), but that the court is "free to circumscribe the extent of its review due to the absence of briefing or argumentation challenging the order on review." *Id.* at 111. We based that ruling on the logic of "a similar case involving unfocused claims of trial panel error," where we observed that, although we would apply a *de novo* standard of review, " 'ordinarily we will consider the issues for our review to be those framed by the parties' briefs and arguments.' *In re Paulson,* 346 Or 676, 679 n 3, 216 P3d 859 (2009), *adh'd to as modified on recons,* 347 Or 529, 225 P3d 41 (2010)." *Hartfield,* 349 Or at 111. We concluded that,

where review has been requested but neither party has filed a brief, we ordinarily will affirm the order of the trial panel:

> "If the accused has filed no petition or brief challenging some aspect of the trial panel's order, and the Bar has elected the submission procedure set out in ORAP 11.25(3)(b), this court, following the review principle set out in *Paulson,* generally will determine that the parties have raised no argument challenging the trial panel order and conclude that the order should be affirmed."

*Hartfield*, 349 Or at 112.

This case presents precisely the situation described in the passage just quoted. As in *Hartfield*, the accused timely requested review of the trial panel's order by this court but then failed to file a brief. Here—in contrast to *Hartfield*, where the Bar filed its own brief—the Bar submitted a letter requesting that the matter be submitted without briefing or argument. Consistently with the procedure that we set out in *Hartfield*, we have determined that the order of the trial panel should be affirmed. The accused violated RPC 1.3 and RPC 1.4(a) in the Perry matter and RPC 8.1(a)(2) in each of the three matters. We also conclude that, absent some persuasive argument from the accused to the contrary, the sanction imposed by the trial panel—a suspension of 120 days—is a permissible one in the circumstances, and we therefore adopt it.

The accused is suspended from the practice of law for 120 days, commencing 60 days from the filing of this decision.