Submitted on record August 24, 2010, resubmitted March 25, accused disbarred, commencing 60 days from date of filing of decision; trial panel order imposing restitution affirmed April 7, 2011

In re Complaint as to the Conduct of

# JOHN H. OH,
*Accused.*

(OSB 08118, 08119, 08120, 08156, 08157, 0927, 0970, 0971, 0988, 0989; SC S058434)

252 P3d 325

Linn D. Davis, Assistant Disciplinary Counsel, Tigard, submitted the brief for the Oregon State Bar.

No appearance *contra*.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar charged John Oh (the accused) with numerous violations of the Rules of Professional Conduct (RPC) arising from his representation of several clients in immigration matters. When the accused did not answer the Bar's formal complaint, the Bar notified the accused that, if he did not answer the complaint, an order of default would be entered against him. The accused then requested and received an extension of time to file an answer. The accused did not file an answer, however. Nor did he otherwise appear in the proceeding. Consequently, the trial panel entered an order of default against the accused. *See* BR 5.8(a) (providing for default orders in such circumstances). In that order, the trial panel concluded that the accused had committed a total of 52 violations of the RPC in matters involving 12 different clients. As a sanction, the trial panel ordered that the accused be disbarred and that he pay restitution to specific former clients. *See* BR 6.1(a) (authorizing the Bar to order restitution in conjunction with another sanction).

Although the accused has sought review of the trial panel's decision, he has not filed an opening brief. The Bar did so, however. In that brief, the Bar has described the facts supporting the charges, as well as the appropriateness of the sanction of disbarment and the order of restitution. After the Bar filed its brief, the accused tendered a so-called "Form B" resignation pursuant to Bar Rule of Procedure 9.2. By letter, this court advised the accused that it would not accept his resignation unless the accused, within 60 days of that letter, provided adequately for the safekeeping of and access to the files of his former Oregon clients. *See* BR 12.7 (requiring, in Form B resignation, attorney to certify to same). The accused neither responded to that letter nor took the requested action with respect to his files. This court, accordingly, refused to accept the accused's resignation and reactivated his appeal, as it advised the accused it would do. The accused still has not tendered an opening brief in his appeal.

As we noted in a recent lawyer disciplinary matter, although our review of these matters is *de novo* under ORS 9.536(2), the court is "free to circumscribe the extent of its

review due to the absence of briefing or argumentation challenging the order on review." *In re Hartfield*, 349 Or 108, 111, 239 P3d 992 (2010). Thus, where review has been requested, but neither party has filed a brief, we ordinarily will affirm the order of the trial panel inasmuch as no party has raised an argument challenging the trial panel order. *Id.* at 112; *see generally In re Paulson*, 346 Or 676, 679 n 3, 216 P3d 859 (2009), *adh'd to as modified on recons*, 347 Or 529, 225 P3d 41 (2010) ("[O]rdinarily we will consider the issues for our review to be those framed by the parties' briefs and arguments."). We followed that course recently in *In re Murphy*, 349 Or 366, 369, 245 P3d 100 (2010).

Here, the Bar filed its brief before *Hartfield* was decided. Thus, the Bar did so before this court had explained that the Bar, pursuant to ORAP 11.25(3)(b), may request by letter that the matter be submitted without briefing or argument when the accused does not file a brief. The Bar's brief in this case does not challenge any aspect of the trial panel order, but instead supports the violations found by the trial panel as well as the sanctions imposed. The accused, by failing to challenge any aspect of the trial panel's order, has pointlessly invoked the court's jurisdiction and unnecessarily consumed the resources of both this court and the Bar. Given the accused's failure to frame any challenge to the trial panel's order, the accused is not entitled to any different consideration by this court than had he not sought review at all. We therefore have determined that the trial panel order should be affirmed.

The accused is disbarred, commencing 60 days from the date of the filing of this decision. The trial panel order imposing restitution is affirmed.