Submitted on the record March 9, accused disbarred, effective 60 days from the date of decision April 21, 2011

## In re Complaint as to the Conduct of

### RANDY R. RICHARDSON,
*Accused.*

### (OSB No. 07154; SC S059049)

253 P3d 1029

No appearance for the Oregon State Bar.

No appearance *contra*.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar charged Randy R. Richardson (the accused) with six violations of the Oregon Rules of Professional Conduct (RPC), arising out of his representation of Margaret Patton and her nephew, Eric Penn, for his role in assisting Penn to obtain real property from Patton by means of fraud and deception. The Bar alleged violations of RPC 1.1 (failure to provide competent representation); RPC 1.2(c) (prohibiting assisting client in engaging in illegal conduct); RPC 1.7(a)(1) (prohibiting representation of parties directly adverse to one another); RPC 1.7(a)(2) (prohibiting representation of parties with conflicting interests); RPC 8.4(a)(3) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and RPC 8.4(a)(2) (prohibiting criminal conduct). Following a hearing, the trial panel found, by clear and convincing evidence, that the accused violated those rules and determined that the appropriate sanction was disbarment.

The accused timely requested review by this court, but failed to file an opening brief, as required by ORAP 11.25(2)(a) and Bar Rule of Procedure 10.5(c). In response, the Bar submitted a letter under ORAP 11.25(3)(b) requesting that the matter be submitted on the record without briefing or oral argument. *See In re Hartfield*, 349 Or 108, 112, 239 P3d 992 (2010) (when accused fails to file briefs, "ORAP 11.25(3) entitles the Bar * * * to elect to submit a letter requesting submission of the case to the court without briefing or oral argument").

As we noted in *Hartfield*, although our review of disciplinary matters is *de novo* under ORS 9.536(2), in the absence of briefing or argument challenging the order on review, we are free to circumscribe the extent of our review. 349 Or at 110-11. Thus, when review has been granted, but neither party files a brief, "we ordinarily will affirm the order of the trial panel inasmuch as no party has raised an argument challenging the trial panel order." *In re Oh*, 350 Or 204, 207, 252 P3d 325 (2011).

In this case, although the accused sought review of the trial panel's order, he did not submit a brief challenging

any aspect of that order. Consistently with *Hartfield* and *Oh*, we conclude that the trial panel's order should be affirmed.

The accused is disbarred, effective 60 days from the date of this decision.