Submitted on record April 7, accused suspended from practice of law for a period of 60 days, commencing 60 days from date of decision May 5, 2011

# In re Complaint as to the Conduct of

## JASON D. CASTANZA,
*Accused.*

## (OSB 09-25; SC S059032)

253 P3d 1057

No appearance for the accused or for the Oregon State Bar.

PER CURIAM

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar charged the accused with violating Oregon Rule of Professional Conduct (RPC) 1.16(d) for failing to take reasonable steps to protect his clients' interests when he terminated his representation of them. After an evidentiary hearing, a trial panel of the Disciplinary Board found that, when the accused withdrew from representing his two clients in a civil action that he had filed on their behalf, he violated RPC 1.16(d) by failing to: (1) allow his clients sufficient time to employ another counsel; (2) make any attempts to postpone the trial date; (3) file a notice of change or withdrawal of counsel as the Uniform Trial Court Rules require; (4) respond to the defendant's motion to dismiss, thus permitting the trial court to dismiss the action; (5) respond to the opposing attorney's proposed general judgment and cost bill; and (6) communicate with his clients concerning the general judgment and cost bill. As a result of those violations, the trial panel suspended the accused from the practice of law for 60 days.

Although the accused sought review of the trial panel's decision, he has not filed an opening brief. Pursuant to ORAP 11.25(3)(b), the Bar has requested by letter that the matter be submitted without briefing or argument. As the court noted in a recent lawyer disciplinary matter, although our review of these matters is *de novo* under ORS 9.536(2), the court is "free to circumscribe the extent of its review due to the absence of briefing or argumentation challenging the order on review." *In re Hartfield*, 349 Or 108, 111, 239 P3d 992 (2010); *see In re Oh*, 350 Or 204, 252 P3d 325 (2011) (following *Hartfield*). Thus, where review of a trial panel's decision has been requested, but neither party has filed a brief, we ordinarily will affirm the decision of the trial panel inasmuch as no party has raised an argument challenging the trial panel's decision. *Hartfield*, 349 Or at 112. In light of the accused's failure to frame any challenge to the trial panel's decision, he is not entitled to any different consideration by this court than if he had not sought review at all. *Oh*, 350 Or at 207. Accordingly, we have no basis for disagreeing with the trial panel's decision.

The accused is suspended from the practice of law for a period of 60 days, commencing 60 days from the date of this decision.