234 March 9, 2017 No. 17

IN THE SUPREME COURT OF THE
STATE OF OREGON

In re Complaint as to the Conduct of
DALE MAXIMILIANO ROLLER,
OSB No. 091897,
*Accused.*
(OSB 1406, 14142, 14143, 1537; SC S064359)

En Banc

On review of the decision of a trial panel of the Disciplinary Board, dated July 11, 2016.

Submitted on the record on January, 12, 2017.

No appearance for the Oregon State Bar.

No appearance *contra*.

PER CURIAM

The accused is suspended from the practice of law for four years, commencing 60 days from the date of this decision.

## PER CURIAM

In this lawyer disciplinary proceeding, the Oregon State Bar charged Dale Maximiliano Roller (the accused) with multiple violations of the Oregon Rules of Professional Conduct (RPC). A trial panel of the Disciplinary Board conducted a hearing, found that the accused had violated a number of those rules, and determined that the appropriate sanction was suspension from the bar for a period of four years. We affirm.

The charges arise out of three separate client matters. As to the first matter, the Bar alleged that the accused, in his representation of Gary R. Games, violated RPC 1.5(a) (prohibiting charging or collecting an illegal or clearly excessive fee) and RPC 1.5(c)(3) (prohibiting entering into a fee agreement to charge a nonrefundable fee without putting that agreement in writing and having the client sign it) by charging an excessive fee and entering into a fee agreement without adequate disclosures; that he violated RPC 1.15-1(d) (requiring lawyers to notify client of and promptly deliver funds received in which the client has an interest) and RPC 8.4(a)(3) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation) by converting third-party funds to his own use; and that he violated RPC 8.1(a)(1) (prohibiting knowingly making a false statement of material fact in a disciplinary proceeding) and RPC 8.1(a)(2) (prohibiting failure to respond to a lawful demand for information from a disciplinary authority) by making a false statement of material fact to the Bar in its investigation of the Games matter and by failing to comply with the Bar's request to provide a copy of the fee agreement.

The second matter arose out of the accused's representation of Wendy Henson and Sasa Silajdzic. In that matter, the Bar alleged that the accused violated RPC 1.3 (prohibiting neglect of a legal matter), RPC 1.4(a) (requiring lawyer to keep client reasonably informed about the status of a matter and promptly comply with reasonable requests for information), and RPC 1.16(d) (requiring lawyer, upon termination of representation, to take reasonable steps to protect client's interests) by failing to take substantive action on the clients' case for three years, failing to respond to their

inquiries about the status of the matter, and, after termination of the representation, failing to respond to requests to return the clients' funds.

Finally, as to the third matter, the Bar alleged that the accused, in his representation of Benjamin Kendell, violated RPC 1.3, RPC 1.4(a), and RPC 8.4(a)(4) (prohibiting conduct that is prejudicial to the administration of justice) by failing to appear at an October 2014 bench trial on a criminal matter in Oregon City Municipal Court, failing to communicate with the court or the client after a pretrial conference was then set for November 2104, failing to appear at the November conference, failing to communicate with the court or the client after a hearing was set for December 2014, and failing to appear at the December hearing.

A hearing was held before a trial panel of the Disciplinary Board in May 2016. Following the hearing, the trial panel found, by clear and convincing evidence, that the accused had violated all of the foregoing rules except for the charged violations of RPC 1.5(a) and RPC 1.5(c)(3) in the Games matter. The trial panel determined that the appropriate sanction was a four-year suspension from the practice of law.

The accused timely requested review by this court. However, he failed to file an opening brief as required by ORAP 11.25(2)(a) and Bar Rule of Procedure (BR) 10.5(c).[1] In response, the Bar submitted a letter under ORAP 11.25(3)(b) requesting that the matter be submitted on the record without briefing or oral argument.[2] *See In re Hartfield*, 349 Or 108, 112, 239 P3d 992 (2010) ("ORAP 11.25(3) entitles the Bar, in cases like the present one [in which the accused

---

[1] ORAP 11.25(2)(a) provides:

"A petition concerning a disciplinary proceeding *** shall be filed with the Administrator, together with an opening brief, with proof of service on all parties, within 28 days after written notice *** of the court's receipt of the record of the proceedings before the trial panel[.]"

BR 10.5(c) provides that "[a] petition filed under this rule shall be accompanied by a brief." The accused filed a petition, but it was not accompanied by an opening brief.

[2] ORAP 11.25(3)(b) provides that, if a lawyer is required to file a brief under BR 10.5(b), the Bar shall "[s]ubmit a letter stating that it wishes the matter submitted to the court on the record without briefing or oral argument."

fails to submit an opening brief], to elect to submit a letter requesting submission of the case to the court without briefing or oral argument.")

As this court further explained in *Hartfield*, although our review of these matters is *de novo* under ORS 9.536(2) and BR 10.6, in this circumstance the court is "free to circumscribe the extent of its review due to the absence of briefing or argumentation challenging the order on review." 349 Or at 111. *See also In re Oh*, 350 Or 204, 252 P3d 325 (2011) (following *Hartfield*). Thus, where review of a trial panel's decision has been requested, but neither party has filed a brief, "we ordinarily will affirm the order of the trial panel inasmuch as no party has raised an argument challenging the trial panel's order." *Oh*, 350 Or at 207; *Hartfield*, 349 Or at 112 (to same effect). As this court stated in *Oh*, when a lawyer fails to frame any challenge to the trial panel's decision, he or she is not entitled to any different consideration by this court than if he or she had not sought review at all. *Oh*, 350 Or at 207. As in *Oh* and in *Hartfield*, we have no basis for disagreeing with the trial panel's decision in this case, and we therefore determine that the decision of the trial panel should be affirmed.

The accused is suspended from the practice of law for four years, commencing 60 days from the date of this decision.