Argued and submitted on March 9, complaint dismissed May 21, 2020

In re Complaint as to the Conduct of

JAMES D. HARRIS,
OSB No. 182040,
*Respondent.*

(OSB 1847) (SC S066593)

466 P3d 22

The Oregon State Bar brought a disciplinary action against the respondent lawyer for violating the rules prohibiting the unauthorized practice of law, after he accepted a job in Oregon and began work as general counsel for Portland Public Schools pending his admission to the Oregon Bar. A trial panel of the Disciplinary Board found that the respondent had not committed the charged violations, because, it concluded that an exception to those rules allowed respondent to practice law on a temporary basis while awaiting reciprocal admission. *Held*: On *de novo* review, the court concluded that respondent did not commit the charged violations, because his practice of law and his establishment of a legal presence in Oregon before his admission to the Bar were permitted by RPC 5.5(c), which permits out-of-state lawyers in good standing to "provide legal services on a temporary basis in this jurisdiction" under certain circumstances, and because he did not hold himself out as a member of the Oregon Bar before he was admitted to the Bar.

The complaint is dismissed.

En Banc

On review of the decision of a trial panel of the Disciplinary Board.

David J. Elkanich, Holland & Knight LLP, Portland, argued the cause and filed the brief on behalf of respondent. Also on the brief was Calon N. Russell.

Theodore W. Reuter, Assistant Disciplinary Counsel, Tigard, argued the cause and filed the briefs on behalf of the Oregon State Bar.

PER CURIAM

The complaint is dismissed.

## PER CURIAM

In this lawyer discipline case, respondent moved to Oregon from Pennsylvania and began work as general counsel for Portland Public Schools (PPS) before he became a member of the Oregon Bar. The Bar charged respondent with violating RPC 5.5(a), RPC 5.5(b)(1) and (2), and ORS 9.160(1), which prohibit the unauthorized practice of law. A trial panel of the Disciplinary Board conducted a hearing and found that respondent had not committed the charged offenses. The trial panel concluded that respondent's conduct was covered by RPC 5.5(c), which provides an exception to the rules and statute for a lawyer "provid[ing] legal services on a temporary basis." The Bar seeks a ruling that that exception does not apply, and it urges the court to find that respondent committed the charged violations and to suspend respondent for 30 days. For the reasons that follow, we agree with the trial panel that respondent did not commit the charged violations of the disciplinary rules.

We review decisions of the trial panel *de novo*. ORS 9.536(3); BR 10.6. We find the following facts by clear and convincing evidence. BR 5.2 (Bar has burden of establishing alleged misconduct by clear and convincing evidence).

In early 2017, PPS, through a recruiting firm, began a nationwide search for a new general counsel. The recruiting firm called respondent to PPS's attention, and PPS ultimately interviewed, and then hired, respondent. Respondent was a member in good standing of the state Bars of Pennsylvania and New York when he was hired, but he was not admitted to the Bar in Oregon. Respondent was aware that admission to the Oregon Bar was a condition of the job. Respondent consulted Oregon's Rules of Professional Conduct, particularly RPC 5.5(c), to determine whether he could practice law in Oregon as in-house counsel for PPS while awaiting his expected reciprocal admission to the Oregon Bar. That rule provides that a lawyer "admitted in another jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction" under certain circumstances. RPC 5.5(c).[1] Respondent concluded that that rule

---

[1] We set out and discuss RPC 5.5(c) later in this opinion.

permitted him to begin work for PPS before he was admitted to the Oregon Bar.

Respondent signed an employment agreement with PPS in May 2017 and began work on June 15. He then began gathering the information required for an application for reciprocal admission. He eventually submitted his application to the Bar on September 1, 2017. In the application, respondent disclosed that he had been working for PPS. He listed PPS as an employer reference, and PPS paid the application fee. The Bar did not flag any impropriety in respondent's bar admission status at that time.

Approximately two months later, a bar complaint was filed against respondent in a matter unrelated to any issue before us here. The Bar ultimately concluded that the complaint was unfounded. However, in the course of investigating that complaint, an assistant general counsel for the Bar learned that respondent had been serving as general counsel to PPS without having yet been admitted to the Bar. As a result, he sent a letter to respondent in November 2017, informing him that his work as a lawyer for PPS might be in violation of the Rules of Professional Conduct that prohibit the unauthorized practice of law in Oregon.

Later that month, for reasons unrelated to his Bar admission status, respondent resigned from his position with PPS. The same day, the Bar forwarded respondent's application for reciprocal admission to the Oregon Supreme Court with a recommendation that he be admitted. The Bar withdrew that recommendation the next day.[2]

The Bar then charged respondent with violating RPC 5.5(a), RPC 5.5(b)(1), and RPC 5.5(b)(2).[3] RPC 5.5(a) and (b) provide:

---

[2] Nevertheless, respondent was admitted to the Oregon Bar in June 2018.

[3] As noted, respondent also was charged with violating ORS 9.160, which provides:

"(1) Except as provided in this section, a person may not practice law in this state, or represent that the person is qualified to practice law in this state, unless the person is an active member of the Oregon State Bar."

RPC 5.5 implements ORS 9.160; accordingly, ORS 9.160 has no independent significance. *In re Paulson*, 346 Or 676, 678 n 1, 216 P3d 859 (2009), *adh'd to as modified on recons*, 347 Or 529, 225 P3d 41 (2010). We also note that the exceptions in the disciplinary rules permitting the otherwise unauthorized practice of law

"(a)   A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

"(b)   A lawyer who is not admitted to practice in this jurisdiction shall not:

"(1)   except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or

"(2)   hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

Before the trial panel, the Bar argued that, from the beginning of respondent's employment with PPS until he resigned in November 2017, respondent provided legal advice and expertise to the school district. Among other things, he regularly participated in internal staff meetings and reviewed legal documents for PPS, he oversaw the work of outside legal counsel, and he managed the litigation of cases in federal and state court. Moreover, the Bar asserted, respondent held himself out as being admitted to practice law in this jurisdiction by using the title "General Counsel" in correspondence and online without clarifying that he was not admitted to the practice of law in Oregon. Thus, according to the Bar, respondent practiced law and held himself out as a member of the Bar in violation of RPC 5.5(a), RPC 5.5(b)(1), and RPC 5.5(b)(2).

The Bar further contended that respondent's practice of law was not permitted by RPC 5.5(c), because, in the Bar's view, that rule does not allow out-of-state lawyers to practice law in Oregon while they await admission to the Oregon Bar. That rule provides:

"(c)   A lawyer admitted in another jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:

---

in certain circumstances apply to the statutory prohibition in ORS 9.160 as well. ORS 9.241(2) ("Notwithstanding ORS 9.160, the Supreme Court may adopt rules pursuant to the procedures established by ORS 9.490 that allow attorneys who have not been admitted to practice law in this state to practice law in Oregon on a temporary basis, including performing transactional or prelitigation work."). For those reasons, we do not further discuss the alleged violation of ORS 9.160.

"(1)  are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter;

"(2)  are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;

"(3)  are in or reasonably related to a pending or potential arbitration, mediation, or other alternate dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires *pro hac vice* admission;

"(4)  are not within paragraphs (c)(2) or (c)(3) and arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice; or

"(5)  are provided to the lawyer's employer or its organizational affiliates and are not services for which the forum requires *pro hac vice* admission."

The Bar argued to the trial panel that RPC 5.5(c) applies only to lawyers who are admitted elsewhere and do not intend to apply for admission in Oregon. The Bar contended that, once respondent moved to Oregon, began residing in this state, and began working for PPS in a job that both he and PPS intended to be permanent, he was not providing legal services in Oregon on a "temporary basis."

The trial panel agreed with the Bar that respondent had engaged in the practice of law during his employment with PPS. However, it agreed with respondent that his practice of law in Oregon before his admission to the Oregon Bar was permissible under the exception to the rule against the unauthorized practice of law set out in RPC 5.5(c).

The trial panel observed that respondent had met the first set of preconditions for the exception: He was admitted in other jurisdictions, and he had not been disbarred or suspended from practice in any jurisdiction. Therefore, the trial panel stated, RPC 5.5(c) applied if respondent provided legal services "on a temporary basis" in Oregon and at least

one of the five circumstances listed in RPC 5.5(c)(1)-(5) was present.

In this case, the trial panel concluded that RPC 5.5(c)(5) applied. That paragraph states that a lawyer may provide legal services on a temporary basis if those services "are provided to the lawyer's employer or its organizational affiliates and are not services for which the forum requires *pro hac vice* admission." The trial panel noted that respondent performed work only for PPS and that his work did not require *pro hac vice* admission.

That left the final issue for the trial panel: whether respondent's work for PPS was permissible under RPC 5.5(c) because it was provided "on a temporary basis." As to that question, the trial panel noted that the RPCs do not define the phrase "temporary basis." However, the trial panel considered helpful the following comment to the ABA model rule that is the analogue to RPC 5.5:

> "There is no single test to determine whether a lawyer's services are provided on a 'temporary basis' in this jurisdiction, and may therefore be permissible under division (c). Services may be 'temporary' even though the lawyer provides services in this jurisdiction on a recurring basis, or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation."

Comment [6] to ABA Model Rule 5.5.

The trial panel found that respondent's practice pending his reciprocal admission to the Oregon Bar was temporary as that word is commonly understood, because Bar membership was a condition of respondent's employment with PPS. That is, there was no dispute that respondent would have been fired if he had failed to gain admission to the Oregon Bar. Therefore, the trial panel stated, respondent's employment was temporary until he satisfied that requirement. In so concluding, the trial panel rejected the Bar's arguments that the rule does not allow out-of-state lawyers to practice while awaiting admission in Oregon and that, in any case, respondent's practice pending admission cannot be considered temporary, because he was hired as a permanent employee. In the trial panel's view, the common

understanding of the word "temporary" encompasses practice pending admission, and the long-term, "permanent" nature of respondent's employment with PPS was to commence only after he had been admitted to the Bar; before that, the trial panel stated, his employment was "unambiguously 'temporary.'"

Finally, the trial panel found that respondent did not violate RPC 5.5(b)(1), which prohibits lawyers who are not admitted to practice in Oregon from establishing an office or a continuous presence in Oregon for the practice of law, or RPC 5.5(b)(2), which prohibits lawyers not admitted in Oregon from holding themselves out or otherwise representing that they are admitted to practice law in Oregon. The trial panel did not make factual findings concerning whether respondent's conduct would have violated either of those rules were it not for the exception in RPC 5.5(c). Rather, the trial panel stated, simply, that the prohibitions in RPC 5.5(b)(1) and (2) are

"qualified by the rule's caveat that it applies 'except as authorized by these Rules or other law. . . .' Thus, respondent was 'authorized by these Rules' to do what he did[,] and a violation of these subsections cannot be established."

## ANALYSIS

The Bar seeks review of the trial panel's determination that respondent did not commit any of the charged violations. In challenging the trial panel's conclusions, the Bar makes two principal arguments. First, it reprises its argument that RPC 5.5(c) does not permit an out-of-state lawyer to practice law for an employer while awaiting approval of an application for reciprocal admission. Second, the Bar argues that, even if this court were to disagree with its first argument, the trial panel nonetheless erred in finding that respondent did not violate RPC 5.5(b)(2) by holding himself out as admitted to practice in Oregon, because RPC 5.5(c) does not provide a defense to that charge.

A.   *The Alleged Violations of RPC 5.5(a) and RPC 5.5(b)(1)*

We begin by clarifying the perhaps obvious point that, even though respondent was not a member of the

Oregon Bar at the time of his alleged misconduct, he none-theless was subject to Oregon's disciplinary rules. RPC 8.5(a) ("A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction."). We now turn to the Bar's first argument, that respondent violated RPC 5.5(a) and RPC 5.5(b)(1) by working for PPS as a lawyer before he was admitted to the Oregon Bar.

To repeat, as relevant here, RPC 5.5(a) prohibits a lawyer from practicing law in Oregon "in violation of the regulation of the legal profession," and, unless an excep-tion applies, RPC 5.5(b)(1) prohibits a lawyer not admitted to practice in Oregon from establishing "an office or other systematic and continuous presence in this jurisdiction for the practice of law." Respondent does not dispute that he practiced law in his capacity as general counsel for PPS and that he established a systematic and continuous presence in this jurisdiction before he was admitted to the Bar.[4] Thus, unless the exception for "temporary" legal services set out in RPC 5.5(c) applies to his conduct, respondent violated RPC 5.5(a) and RPC 5.5(b)(1).

The applicability of that exception boils down to a single disputed legal issue. Like the trial panel, we find that respondent satisfied the requirements in RPC 5.5(c) that he must be admitted in other jurisdictions and must not have been disbarred or suspended from practice in any jurisdiction. It is also undisputed that the services he pro-vided were to his employer and were not services for which a forum required *pro hac vice* admission, as required by RPC 5.5(c)(5). It follows that whether respondent was permitted to practice law and to establish a legal presence in Oregon before he was admitted to the Oregon Bar turns on whether he "provide[d] legal services on a temporary basis" within the meaning of that phrase in RPC 5.5(c).

___

[4] Before the trial panel, respondent argued that his work for PPS was suf-ficiently administrative or managerial that, taken as a whole, it could not be considered the practice of law. The trial panel rejected that argument. The trial panel found that respondent participated in meetings related to risk assessment and policy matters, reviewed legal documents, and advised the school board at its meetings, and it concluded that that work amounted to the practice of law. Respondent has abandoned that argument in this court.

When interpreting a disciplinary rule, the court looks to "the wording of the rule, read in context." *In re Hostetter*, 348 Or 574, 583, 238 P3d 13 (2010) (citation omitted). Turning first to the text, we note, as did the trial panel, that the disciplinary rules do not define the phrase "temporary basis." We also observe that dictionary definitions of the word "temporary" add nothing to the common understanding of that word—as lasting for a limited time[5]—and, thus, do not assist us in determining what it means to "provide legal services on a temporary basis." In fact, the Bar conceded at oral argument that the issue before the court is not whether the five-month period in which respondent worked for PPS before his admission to the bar was inherently too long to be considered "temporary." Indeed, the Bar also conceded that, in certain circumstances, an out-of-state lawyer's "temporary" provision of legal services in Oregon could continue for many months or even years.

Rather, as we have stated, the Bar contends that only lawyers who intend to work in Oregon for a limited time can avail themselves of the exception; a lawyer who accepts a permanent job cannot be said to intend to provide legal services on a temporary basis. Respondent, on the other hand, argues that his provision of legal service without being admitted to the Oregon Bar would necessarily be temporary; if he were not admitted, he would be fired. Thus, as the parties' arguments reflect, the applicability of RPC 5.5(c) does not turn on the meaning of the word "temporary." Instead, the parties dispute, and we decide, what condition or circumstance must be temporary for the exception to apply.

Rule 5.5 covers both "Unauthorized Practice of Law" and "Multijurisdictional Practice." The purpose of RPC 5.5(c) is to set out circumstances in which an out-of-state lawyer "may provide legal services on a temporary basis" without Bar membership. Thus, it is plausible to infer

---

[5] *Webster's Third New Int'l Dictionary* defines "temporary" as "lasting for a time only : existing or continuing for a limited time : IMPERMANENT, TRANSITORY." *Webster's Third New Int'l Dictionary* 2353 (unabridged ed 2002). The definition in *Black's Law Dictionary* is virtually identical: "Lasting for a time only; existing or continuing for a limited (usu. short) time; transitory." *Black's Law Dictionary* 1767 (11th ed 2019).

from the text that the "temporary basis" during which an out-of-state lawyer "may provide legal services" refers to the period in which the lawyer is not admitted to the Oregon Bar—even if the lawyer has accepted employment and is applying for admission in Oregon.

The rest of RPC 5.5(c) is consistent with that view of the rule. Two of the five circumstances set out in RPC 5.5(c)(1) to (5) in which a lawyer may provide legal services in Oregon without being admitted to the Oregon Bar clearly contemplate a situation in which the lawyer's services are provided on a matter of limited duration, tying the legal services to a specific proceeding. Paragraph (c)(2) applies when the legal services are related to a pending proceeding before a tribunal, where the lawyer reasonably expects to be authorized to appear in that proceeding. And RPC 5.5(c)(3) applies when the legal services relate to a pending arbitration or mediation, for which *pro hac vice* admission is not required.

The other three circumstances contain no durational limitation and are not tied to a specific proceeding. Paragraph (c)(1) applies when the legal services are undertaken in association with and with the active participation of a lawyer who is admitted in Oregon. Paragraph (c)(4) applies when the legal services are not related to a pending litigation or arbitration but are reasonably related to the lawyer's out-of-state practice. And RPC 5.5(c)(5) applies when the services are provided to the lawyer's employer and *pro hac vice* admission is not required. Each of those exceptions would encompass a situation in which an out-of-state lawyer in good standing is awaiting admission in Oregon, even after having accepted a permanent job. Thus, neither the disputed phrase "temporary basis" nor the balance of RPC 5.5(c) suggests that the rule cannot apply to out-of-state lawyers in good standing who have accepted employment in Oregon and are awaiting admission to the Bar.

We reject the Bar's contrary view that "temporary basis" means providing legal services in Oregon only when the out-of-state lawyer has not accepted employment in Oregon that would require admission to the Oregon Bar. First, with respect to four of the five circumstances in which

a lawyer may provide legal services without Bar membership, no authorization by law or order need ultimately be sought. The fifth, RPC 5.5(c)(2), expressly permits a lawyer to provide legal services in litigation pending *pro hac vice* admission. Reading paragraphs (1) through (5) together, then, suggests that the existence of a pending or intended application for authorization to practice in the jurisdiction simply has no bearing on the applicability of the exception. Indeed, there is no principled reason to allow practice pending admission *pro hac vice* and not pending other types of Bar admission.

   The Bar also posits a practical problem with reading RPC 5.5(c) to permit "practice pending admission." In its view, "the exception would swallow the rule" by allowing a lawyer to provide legal services in Oregon indefinitely, so long as the lawyer intends to apply for Bar membership at some point. We need not base our decision today on that speculative concern. "Temporary" is not synonymous with "indefinite," and this case does not require us to decide the outer boundaries of the concept of "temporary," because respondent here applied for Bar admission within a reasonable time after commencing employment with PPS. As we have stated, his practice pending admission was temporary within any definition of the word.

   For the foregoing reasons, we hold that an out-of-state lawyer in good standing in another jurisdiction provides legal services "on a temporary basis," as that phrase is used in RPC 5.5(c), if that lawyer provides legal services pending admission to the Bar and meets at least one of the criteria set out in RPC 5.5(c)(1) to (5), even if the lawyer has accepted permanent employment in Oregon. In this case, as we have stated, respondent met the requirements of RPC 5.5(c)(5): He was admitted in other jurisdictions, he had not been disbarred or suspended from practice in any jurisdiction, and he provided legal services to his employer and no forum required admission *pro hac vice*. He applied for reciprocal Bar admission within a reasonable time after he began employment for PPS, and his continued employment was conditioned on his admission to the Bar. It follows that respondent did not violate RPC 5.5(a) or RPC 5.5(b)(1).

B.   *The Alleged Violations of RPC 5.5(b)(2)*

The Bar also contends that the trial panel erred in concluding that respondent did not violate RPC 5.5(b)(2), which provides:

> "(b)   A lawyer who is not admitted to practice in this jurisdiction shall not:
>
> "*****
>
> "(2)   hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

The trial panel made no findings concerning whether respondent's conduct violated RPC 5.5(b)(2). Rather, it found that he had not violated that rule, because it concluded that, as with practicing law and establishing a continuous legal presence in Oregon, respondent was entitled to hold himself out as permitted to practice in this jurisdiction under RPC 5.5(c).

The Bar repeats its contention that respondent violated RPC 5.5(b)(2) by using the title "General Counsel" in correspondence and online and by attending meetings on behalf of PPS without clarifying that he was not admitted to the practice of law in Oregon. Further, the Bar now also argues that, even if respondent were permitted under RPC 5.5(c) to practice law and to establish a continuous presence in Oregon for the practice of law before he became a member of the Bar, that rule did not permit him to hold himself out as admitted to the Bar in Oregon during that period.

We agree that RPC 5.5(c) does not permit lawyers who are not admitted to the Oregon Bar to hold themselves out or represent themselves as admitted to practice law in this jurisdiction. Rule 5.5(c), as we have stated, permits out-of-state lawyers in certain circumstances to practice law in Oregon without being a member of the Oregon Bar. However, nothing in RPC 5.5(c) suggests that out-of-state lawyers may misrepresent themselves as admitted to practice in this jurisdiction.

The Bar does not offer any evidence that respondent affirmatively misrepresented himself to the public as a member of the Oregon Bar. Rather, in support of its argument that respondent violated RPC 5.5(b)(2), the Bar

relies on the undisputed facts that respondent used the title "General Counsel" in correspondence and online, that he attended meetings on behalf of PPS, and that he otherwise acted as a lawyer for PPS, without clarifying in each instance that he was not admitted to the practice of law in Oregon. The Bar contends that lawyers who provide legal services in a jurisdiction where they are not admitted to the Bar and do not clarify the terms under which they are practicing "hold themselves out" as admitted in the jurisdiction, because members of the public will reasonably believe that they are admitted to the Bar in that jurisdiction. The Bar further contends that this court's decision in *In re Kumley*, 335 Or 639, 75 P3d 432 (2003), and RPC 7.5(b) support its interpretation. As we shall explain, both those citations to authority are inapposite.

In *Kumley*, the respondent was an inactive member of the Oregon Bar. When he became inactive, he signed a form that included the following statement: "Inactive members [of the Bar] may not practice law or hold themselves out as attorneys in the State of Oregon." *Kumley*, 335 Or at 641 (emphasis omitted). The respondent also was not admitted to practice in any other jurisdiction. The respondent took steps toward becoming a candidate for a seat in the state legislature. On forms that he submitted to various state agencies in connection with that candidacy, he listed his "occupation" as "attorney." *Id*. at 642-43. That statement was ultimately included in the voters' pamphlet. *Id*. at 642. After the respondent lost the election, the Bar received an ethics complaint against the respondent based on his representations of himself as an attorney on those forms and in the voters' pamphlet. *Id*. at 643. Based on those representations, the Bar ultimately charged the respondent, among other things, with violating *former* DR 1-102(A)(3) (it is misconduct to engage in conduct involving dishonesty, fraud, deceit or misrepresentation)[6] and ORS 9.160 (only active members of the Bar may practice law or represent themselves as qualified to practice law). *Id*.

---

[6] *Former* DR 1-102(A)(3) is the predecessor of RPC 8.4(a)(3), which also provides that it is misconduct to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation that reflects adversely on the lawyer's fitness to practice law[.]"

In assessing whether the respondent committed a misrepresentation in violation of *former* DR 1-102(A)(3) when he referred to himself as an attorney even though he was not authorized to practice law in any jurisdiction, the court began by stating that "one inference that reasonably arises from a statement that a person is an attorney is that the person is a member of a bar." *Id*. at 645. The court stated that, at the time that the respondent submitted the forms, he was a member of the Oregon Bar, albeit an inactive member, and, therefore, standing alone, his use of the word "attorney" would not be a misrepresentation that could serve as a basis for discipline under *former* DR 1-102(A)(3). *Id*. However, the court stated, that word did not stand alone. Rather, the respondent had used the word "attorney" to describe his present "occupation." *Id*. The court held that, in so doing, the respondent necessarily represented that he was an active attorney at that time. *Id*. And because he had not listed his past occupation as attorney, the court inferred that he knowingly chose to create the false impression that he was presently practicing law. *Id*. The court also found the respondent guilty of violating ORS 9.160, because, in calling himself an attorney, the respondent represented himself as qualified to practice law. *Id*. at 650.

The court's decision in *Kumley* does not assist the Bar. As we have just explained, the court stated in *Kumley* that referring to oneself as an "attorney" would not be a misrepresentation even for an inactive lawyer, because the word "attorney" merely conveys that a lawyer is a member of a bar. In this case, at all relevant times, respondent was an active member of a bar, and, as we have already held, he was authorized to practice law in Oregon under RPC 5.5(c). Thus, when respondent referred to himself as General Counsel of PPS or attended meetings as PPS's lawyer, respondent conveyed that he was authorized to practice law, which he was; he did not imply that he was a member of the Oregon Bar.

We also conclude that RPC 7.5(b) does not support the Bar's interpretation of RPC 5.5(b)(2). RPC 7.5(b) addresses how law firms with offices in more than one state must identify lawyers' bar admission status on letterhead and the like:

> "A law firm with offices in more than one jurisdiction may use the same name or other professional designation in each jurisdiction, but identification of the lawyers in an office of the firm shall indicate the jurisdictional limitations on those not licensed to practice in the jurisdiction where the office is located."

But RPC 7.5(b) addresses a different concern than RPC 5.5(b)(1). A law firm that has offices in more than one jurisdiction may have lawyers who are admitted in certain jurisdictions and not in others, and, therefore, some of the firm's lawyers may not be qualified to practice law in a jurisdiction in which the firm's letterhead is used. Using the same letterhead in all the jurisdictions in which a law firm has offices, then, may give a false impression about the firms' lawyers' admission status. That is, if such a firm does not identify the jurisdictional limitations of those lawyers not licensed to practice in a jurisdiction where an office is located, those unlicensed lawyers effectively hold themselves out as qualified to practice in that jurisdiction, in violation of RPC 5.5(b)(2) and ORS 9.160. That rule does not shed light on respondent's situation, because he *was* qualified to practice law in this jurisdiction on a temporary basis under RPC 5.5(c). Therefore, respondent's failure to clarify his Bar admission status while using the "General Counsel" title in correspondence and with the public did not create the risk of misleading the public that is contemplated by RPC 7.5(b).

Accordingly, on *de novo* review, we conclude that the Bar has not proved by clear and convincing evidence that respondent violated RPC 5.5(b)(2). We therefore dismiss that charge.

The complaint is dismissed.